UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
DAVID RICHARDSON,

                            Plaintiff,

                  -against-

CITY OF NEW YORK; Det. MATTHEW DEL ROSARIO (Shield No. 461), Det. SALADUDE ABDUL RAHMANN (Shield No. 30034), Det. SHANTE TERRELL, Det. DEREK ANDREONE, Det. VICTOR ROBALINO, Det. EDWARD HARTRICK, Det. ALBERT MARVELLI, Det. HECTOR RODRIGUEZ, Det. JOHN MAZZELLA, Lt. LAWRENCE BURNHAM, Undercover Officer C0093 and JOHN and JANE DOES 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                           Defendants.
------------------------------------------------------------------ x

**AMENDED COMPLAINT**

12 CV 888 (ENV)(RLM)

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff David Richardson ("plaintiff" or "Plaintiff") is a resident of Kings County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Police Detective Matthew Del Rosario ("Detective Del Rosario"), Shield No. 461, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Del Rosario is sued in his individual and official capacities.

10. Defendant Police Officer Saladude Abdul-Rahmann ("Detective Del Rosario"), Shield No. 30034, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Abdul Rahmann is sued in his individual and official capacities.

11. Defendant Detective Shante Terrell ("Terrell"), Shield No. 4424, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Terrell is sued in his individual and official capacities.

12. Defendant Detective Derek Andreone ("Andreone"), Shield No. 1581, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Andreone is sued in his individual and official capacities.

13. Defendant Detective Victor Robalino ("Robalino"), Shield No. 31599, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Robalino is sued in his individual and official capacities.

14. Defendant Detective Edward Hartrick ("Hartrick"), Shield No. 1471, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Hartrick is sued in his individual and official capacities.

15. Defendant Detective Albert Marvelli ("Marvelli"), Shield No. 13476, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Marvelli is sued in his individual and official capacities.

16. Defendant Detective Hector Rodriguez ("Rodriguez"), Shield No. 5980, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Rodriguez is sued in his individual and official capacities.

17. Defendant Detective John Mazzella ("Mazzella"), Shield No. 737, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Mazzella is sued in his individual and official capacities.

18. Defendant Lieutenant Lawrence Burnham ("Burnham"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Burnham is sued in his individual and official capacities.

19. Defendant Undercover C0093 ("C0093"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant C0093 is sued in his individual and official capacities.

20. At all times relevant defendants John and Jane Does 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Does 1 through 10.

21. At all times relevant herein, defendants John and Jane Does 1 through 10 were acting as agents, servants and employees of defendant City of New York and

the NYPD. Defendants John and Jane Does 1 through 10 are sued in their individual and official capacities.

22. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

1. At or about 6:35 a.m. on May 24, 2011, plaintiff was lawfully sleeping in his girlfriend's apartment in the vicinity of West 35th street and Mermaid Avenue.

2. As Plaintiff and his girlfriend slept, a group of Officers kicked down the door and stormed into the apartment.

3. The Officers grabbed Plaintiff and pulled him out of the bed.

4. One of the Officers hit Plaintiff in the head with a riot shield.

5. Plaintiff's head began to bleed, at which point the Officers administered handcuffs and placed Plaintiff under arrest.

6. At the time, Plaintiff was not wearing any clothes, and was handcuffed without being given an opportunity to put on clothes.

7. A small amount of marijuana was allegedly found in Plaintiff's girlfriend's dresser, amidst women's clothing.

8. Plaintiff was transported to the 60th Precinct as his head continued to bleed.

9. A few hours later, Plaintiff was put in a police van to go to Coney Island Hospital.

10. Rather than go straight to the hospital, the police van drove around for a few hours to pick up new arrests.

11. Plaintiff finally arrived at Coney Island Hospital and was treated.

12. Plaintiff was then taken to Brooklyn Central Booking, where he was charged with Resisting Arrest and Possession of Marijuana.

13. At Central Booking, Plaintiff became dizzy, and he was rushed to Interfaith Hospital.

14. Plaintiff sustained a gash to his head as a result of the Officers' conduct, for which he received 4 stitches on June 14, 2011.

15. On January 17, 2012, Plaintiff's criminal charges were adjourned in contemplation of dismissal.

16. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury that may be permanent, anxiety, embarrassment, humiliation, and damage to his reputation.

17. On June 28, 2011, within 90 days of the events set forth above, plaintiff caused to be served on the Comptroller of the City of New York a Notice of Claim.

To date, the City has made no adjustment or payment with respect to this Notice of Claim.

18. This action is commenced within one year and 90 days of the events described above.

## FIRST CLAIM
## 42 U.S.C. § 1983

23. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

24. Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

25. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

## SECOND CLAIM

### Unlawful Search

26. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

27. Defendants violated the Fourth and Fourteenth Amendments because they searched plaintiff without reasonable suspicion.

28. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

## THIRD CLAIM

### False Arrest

29. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

31. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM

### State Law False Imprisonment and False Arrest

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

34. Plaintiff was conscious of his confinement.

35. Plaintiff did not consent to his confinement.

36. Plaintiff's confinement was not otherwise privileged.

37. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

38. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FIFTH CLAIM

### Unreasonable Force

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

41. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SIXTH CLAIM
### State Law Assault and Battery

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

44. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

45. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SEVENTH CLAIM

### Malicious Abuse Of Process

46. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47. The individual defendants issued legal process to place Plaintiff under arrest.

48. The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of him.

49. The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

50. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

## **EIGHTH CLAIM**

## **Deliberate Indifference to Safety/Medical Needs**

51. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52. The individual defendants were of a risk to plaintiff's safety and a need for medical care and failed to act in deliberate indifference to plaintiff's needs.

53. Accordingly, defendants violated the fourteenth amendment because they acted with deliberate indifference to plaintiff's medical needs and safety.

54. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED: August 9, 2012
New York, New York

HARVIS MARINELLI
SALEEM & WRIGHT LLP

_____
Afsaan Saleem, Esq.
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
asaleem@hmswlaw.com